IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
2011 NOV -3 P 4: 51
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

1:11CV1203
TSE/IDD

| | |
|---|---|
| REPORTING TECHNOLOGIES, INC. Plaintiff, v. EMMA, INC. Defendant. | |

## COMPLAINT

Plaintiff Reporting Technologies, Inc. ("Reporting Technologies"), by and through the undersigned attorneys, hereby brings this Complaint against Emma, Inc. ("Emma"), and alleges as follows:

### PARTIES

1. Plaintiff Reporting Technologies, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 1850 Towers Crescent Plaza, Tysons Corner, Virginia 22182.

2. On information and belief, Defendant Emma, Inc. is a Tennessee corporation with its principal place of business at 2120 8th Ave. S, Nashville, Tennessee 37204.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns a federal question relating to patents arising under Title 35 of the United States Code, including 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Emma at least because it does business in the Commonwealth of Virginia, and infringement has occurred and continues to occur in this Commonwealth and this District.

5. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b), because Emma does business in the Commonwealth of Virginia, has committed acts of infringement in this Commonwealth and this District; and because Emma is subject to personal jurisdiction in this Court.

## COUNT ONE
### (Infringement of U.S. Patent No. 6,173,310)

6. Reporting Technologies incorporates by reference the allegations of paragraphs 1 through 5 of this Complaint as though fully set forth herein.

7. Reporting Technologies is the owner of all rights, title, and interest in U.S. Patent No. 6,173,310 ("the '310 Patent"), entitled "System and Method for Automatic Transmission of On-Line Analytical Processing System Report Output," which was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on January 9, 2001. A copy of the '310 Patent is attached as Exhibit 1.

8. Emma provides electronic mail (email) marketing products, tools, and services including email campaign marketing products, tools and services (the "Emma Infringing Campaign Technologies"), at least by means of the websites hosted under the domain names myemma.com and e2ma.net, in this judicial district and throughout the United States.

9. In violation of 35 U.S.C. § 271(a), Emma is and has been directly infringing the '310 Patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, the Emma Infringing Campaign Technologies that infringe one or more claims, including claim 1, of the '310 Patent.

10. In violation of 35 U.S.C. § 271(b) and/or (c), Emma has contributed to the infringement of, and/or induced others to infringe one or more claims, including claim 1, of the '310 Patent. Specifically, Emma has contributed to and/or induced direct infringement by its customers, including, but not limited to, those organizations and individuals who make use of Emma's EmailNow online services to send marketing communications to specific subscribers who have opted-in to receive certain types of communications, as well as those users who have used Emma's EmailNow online services to elect to receive such communications. Emma has knowingly provided customers and users with the Emma Infringing Campaign Technologies, having designed and intended that those services be used by customers and users in configurations or ways that are within the scope of at least one claim of the '310 Patent, including claim 1. Furthermore, Emma's websites, including those hosted at the domain names myemma.com and e2ma.net, provide detailed instructions to customers and users on how to use the Emma Infringing Campaign Technologies in an infringing fashion, thus further inducing infringement of at least one claim of the '310 Patent, including claim 1. Moreover, the Emma Infringing Campaign Technologies, including, but not limited to, Emma's EmailNow online services, have no substantial noninfringing use and are not staple articles of commerce.

11. As a result of Emma's unlawful direct, induced, and contributory infringement of the '310 Patent, Reporting Technologies has suffered and will continue to suffer injury to its business and property in an amount to be determined. Reporting Technologies is entitled to recover from Emma the damages suffered by Reporting Technologies as a result of Emma's unlawful acts.

12. On information and belief, Emma intends to continue its unlawful infringing activity, and Reporting Technologies continues to and will continue to suffer irreparable harm—

for which there is no adequate remedy at law—from such unlawful infringing activities unless this Court enjoins Emma from further infringing activities.

## COUNT TWO
### (Infringement of U.S. Patent No. 6,269,393)

13. Reporting Technologies incorporates by reference the allegations of paragraphs 1 through 12 of this Complaint as though fully set forth herein.

14. Reporting Technologies is the owner of all rights, title, and interest in U.S. Patent No. 6,269,393 ("the '393 Patent"), entitled "System and Method for Automatic Transmission of Personalized OLAP Report Output," which was duly and properly issued by the USPTO on July 31, 2001. A copy of the '393 Patent is attached as Exhibit 2.

15. Emma provides email marketing products, tools, and services including email campaign marketing products, tools and services (the "Infringing Emma Campaign Technologies"), at least by means of the websites hosted under the domain names myemma.com and e2ma.net, in this judicial district and throughout the United States. In violation of 35 U.S.C. § 271(a), Emma is and has been directly infringing the '393 Patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, the Emma Infringing Campaign Technologies that infringe one or more claims, including claim 1, of the '393 Patent.

16. In violation of 35 U.S.C. § 271(b) and/or (c), Emma has contributed to the infringement of, and/or induced others to infringe one or more claims, including claim 1, of the '393 Patent. Specifically, Emma has contributed to and/or induced direct infringement by its customers, including, but not limited to, those organizations and individuals who make use of Emma's EmailNow online services to send marketing communications to specific subscribers who have opted-in to receive certain types of communications, as well as those users who have

used Emma's EmailNow online services to elect to receive such communications. Emma has knowingly provided customers and users with the Emma Infringing Campaign Technologies, having designed and intended that those services be used by customers and users in configurations or ways that are within the scope of at least one claim of the '393 Patent, including claim 1. Furthermore, Emma's websites, including those hosted at the domain names myemma.com and e2ma.net, provide detailed instructions to customers and users on how to use the Emma Infringing Campaign Technologies in an infringing fashion, thus further inducing infringement of at least one claim of the '393 Patent, including claim 1. Moreover, the Emma Infringing Campaign Technologies, including, but not limited to, Emma's EmailNow online services, have no substantial noninfringing use and are not staple articles of commerce.

17. As a result of the Emma's unlawful infringement of the '393 Patent, Reporting Technologies has suffered and will continue to suffer injury to its business and property in an amount to be determined. Reporting Technologies is entitled to recover from Emma the damages suffered by Reporting Technologies as a result of Emma's unlawful acts.

18. On information and belief, Emma intends to continue its unlawful infringing activity, and Reporting Technologies continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such unlawful infringing activities unless this Court enjoins Emma from further infringing activities.

## COUNT THREE
(Infringement of U.S. Patent No. 7,330,847)

19. Reporting Technologies incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. Reporting Technologies is the owner of all rights, title, and interest in U.S. Patent No. 7,330,847 ("the '847 Patent"), entitled "System and Method For Management Of An

Automatic OLAP Report Broadcast System" and issued on February 12, 2008. A copy of the '847 Patent is attached as Exhibit 3.

21. Emma provides email marketing products, tools, and services including email campaign marketing products, tools and services (the "Infringing Emma Campaign Technologies"), at least by means of the websites hosted under the domain names myemma.com and e2ma.net, in this judicial district and throughout the United States.

22. In violation of 35 U.S.C. § 271(a), Emma is and has been directly infringing the '847 Patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, the Emma Infringing Campaign Technologies that infringe one or more claims, including claim 1, of the '847 Patent.

23. In violation of 35 U.S.C. § 271(b) and/or (c), Emma has contributed to the infringement of, and/or induced others to infringe one or more claims, including claim 1, of the '847 Patent. Specifically, Emma has contributed to and/or induced direct infringement by its customers, including, but not limited to, those organizations and individuals who make use of Emma's EmailNow online services to send marketing communications to specific subscribers who have opted-in to receive certain types of communications, as well as those users who have used Emma's EmailNow online services to elect to receive such communications. Emma has knowingly provided customers and users with the Emma Infringing Campaign Technologies, having designed and intended that those services be used by customers and users in configurations or ways that are within the scope of at least one claim of the '847 Patent, including claim 1. Furthermore, Emma's websites, including those hosted at the domain names myemma.com and e2ma.net, provide detailed instructions to customers and users on how to use the Emma Infringing Campaign Technologies in an infringing fashion, thus further inducing

infringement of at least one claim of the '847 Patent, including claim 1. Moreover, the Emma Infringing Campaign Technologies, including, but not limited to, Emma's EmailNow online services, have no substantial noninfringing use and are not staple articles of commerce.

24. As a result of Emma's unlawful infringement of the '847 Patent, Reporting Technologies has suffered and will continue to suffer injury to its business and property in an amount to be determined. Reporting Technologies is entitled to recover from Emma the damages suffered by Reporting Technologies as a result of Emma's unlawful acts.

25. On information and belief, Emma intends to continue its unlawful infringing activity, and Reporting Technologies continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such unlawful infringing activities unless this Court enjoins Emma from further infringing activities.

## COUNT FOUR
### (Infringement of U.S. Patent No. 6,996,569)

26. Reporting Technologies incorporates by reference the allegations of paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Reporting Technologies is the owner of all rights, title, and interest in U.S. Patent No. 6,996,569 ("the '569 Patent"), entitled "System and Method For Management Of An Automatic OLAP Report Broadcast System" and issued on February 12, 2008. A copy of the '569 Patent is attached as Exhibit 4.

28. Emma provides email marketing services including customer database management tools and services (the "Emma Infringing Database Technologies"), at least by means of the websites hosted under the domain names myemma.com and e2ma.net, in this judicial district and throughout the United States.

29. In violation of 35 U.S.C. § 271(a), Emma is and has been directly infringing the '569 Patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, the Emma Infringing Database Technologies that infringe one or more claims, including claim 1, of the '569 Patent.

30. In violation of 35 U.S.C. § 271(b) and/or (c), Emma has contributed to the infringement of, and/or induced others to infringe one or more claims, including claim 1, of the '569 Patent. Specifically, Emma has contributed to and/or induced direct infringement by its customers, including, but not limited to, those organizations and individuals who make use of Emma's EmailNow online services to create custom groups from subscriber databases. Emma has knowingly provided customers with the Emma Infringing Database Technologies, having designed and intended that those services be used by customers in configurations or ways that are within the scope of at least one claim of the '569 Patent, including claim 1. Furthermore, Emma's websites, including those hosted at the domain names myemma.com and e2ma.net, provide detailed instructions to customers on how to use the Emma Infringing Database Technologies in an infringing fashion, thus further inducing infringement of at least one claim of the '569 Patent, including claim 1. Moreover, the Emma Infringing Database Technologies, including, but not limited to, Emma's EmailNow online services, have no substantial noninfringing use and are not staple articles of commerce.

31. As a result of Emma's unlawful infringement of the '569 Patent, Reporting Technologies has suffered and will continue to suffer injury to its business and property in an amount to be determined. Reporting Technologies is entitled to recover from Emma the damages suffered by Reporting Technologies as a result of Emma's unlawful acts.

32. On information and belief, Emma intends to continue its unlawful infringing activity, and Reporting Technologies continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such unlawful infringing activities unless this Court enjoins Emma from further infringing activities.

## **PRAYER FOR RELIEF**

WHEREFORE, Reporting Technologies prays that this Honorable Court enters an Order and Judgment:

a. Finding in favor of Reporting Technologies and against Emma on all counts asserted in this Complaint;

b. Adjudging that Emma has infringed each of the '310, '393,'847 and '569 Patents (collectively, "the Patents-in-Suit");

c. Permanently enjoining Emma and its respective officers, agents, servants, employees, attorneys, privies, and all persons in active concert or participation with any of them, from further infringement of the Patents-in-Suit;

d. Compelling Emma to compensate Reporting Technologies for any ongoing and/or future infringement of the Patents-in-Suit;

e. Awarding Reporting Technologies damages in an amount adequate to compensate Reporting Technologies for Emma's infringement, along with pre-judgment and post-judgment interest and costs at the highest rate allowable by law, pursuant to 35 U.S.C. § 284, as well as an accounting for damages;

f. Declaring this case "exceptional" under 35 U.S.C. § 285 and awarding Reporting Technologies its attorneys' fees, expenses and costs incurred in this action; and

g. Granting Reporting Technologies such other and further equitable or legal relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Reporting Technologies hereby demands a jury trial on all issues so triable.

Dated: November 3, 2011          FISH & RICHARDSON P.C.

By: _____
Michael J. McKeon (VA Bar # 44341)
mckeon@fr.com
Joseph V. Colaianni, Jr. (VA Bar # 40235)
colaianni@fr.com
Fish & Richardson P.C.
1425 K Street N.W., Suite 1100
Washington, D.C. 20005
Telephone: 202-783-5070
Facsimile: 202-783-2331

Attorneys for Plaintiff
Reporting Technologies, Inc.

Of Counsel

Adam J. Kessel
kessel@fr.com
Sivananda Reddy
reddy@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: 617-542-5070
Facsimile: 617-542-8906